UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| MONTELL ALEXANDER BOWMAN,<br><br>             Plaintiff,<br><br>   vs.<br><br>JOE BIDEN,<br><br>             Defendant. | CIV. NO. 23-00159 LEK-KJM |

**ORDER: DISMISSING PLAINTIFF'S COMPLAINT FOR A CIVIL CASE WITH PREJUDICE; AND DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**

On April 5, 2023, pro se Plaintiff Montell Alexander Bowman ("Bowman") filed his Complaint for a Civil Case ("Complaint") and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 3.] For the reasons set forth below, the Complaint is hereby dismissed with prejudice, and the Application is denied as moot. In other words, Bowman has no claims remaining in this case, and he will not be allowed to file an amended complaint to try to cure the defects in the Complaint that are identified in this Order.

**STANDARD**

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he is unable to pay."

Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim);[1] Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Id. at *3.

In addition, the following standards apply in the screening analysis:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also

---

[1] Lopez has been overruled, in part, on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc).

> Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).
>
> Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). . . . "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). The assumption is that the district court lacks jurisdiction. See Kokkonen, 511 U.S. at 377. Accordingly, a "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1 (D. Hawai`i Jan. 12, 2017) (some alterations in Flores) (some citations omitted), *reconsideration denied*, 2017 WL 830966 (Mar. 2, 2017).

## DISCUSSION

### I. Screening of the Complaint

Bowman brings the instant case against United States President Joe Biden and the United States Government. See Complaint at pgs. 1-2. Bowman states the basis for jurisdiction

3

is a federal question, but he does not list a specific federal statue, treaty, and/or provision of the United States Constitution that his claims are based upon.  See id. at pg. 4.  Even liberally construing Bowman's Complaint, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), it fails to state a claim upon which relief can be granted.  See § 1915(e)(2)(B)(ii).  Simply put, Bowman's claims are unintelligible.  For instance, in the basis for jurisdiction section of his Complaint, Bowman states:

> daily many laws broken to my life, daily many laws or as thoe [sic] nonlaws of many human rights (rights/all rights ranges to talk like) that proving from my life, Ill tell why I need a technology to prove somethings going on here with me, theirs no world business yet til asked for as now to prevent – extra voices – extra feelings - extra visuals with me and other on the planet near and far, I want answers to my real answers my body (my life) experiences, its real, many government offices didnt help my intelligence nor investigate . . . .

[Complaint at pg. 4 (emphases omitted).]  In the statement of claims section, Bowman states, "[s]ince 1985 (all my life) or til further investigation why am I like a body that can do that (as said on federal question page), Im not like them, I feel like a human that isnt with its kind . . . ."  [Id. at pg. 5.]  The Complaint's relief section states Bowman is suing "for 7 trillion united states dollars so I can Improve – me – technology for me . . . ."  [Id. at pg. 6.]  In light of the

4

Complaint's indecipherability, it is absolutely clear that Bowman cannot cure the defects in the Complaint by amendment. See Lucas, 66 F.3d at 248. Bowman's Complaint is therefore dismissed with prejudice. In other words, Bowman will not be allowed to file an amended complaint in this case to try to cure the defects in the Complaint.

**II. Application**

Insofar as the Complaint has been dismissed with prejudice, it is not necessary for this Court to rule on the issue of whether Bowman is entitled to proceed without the prepayment of fees and costs. Bowman's Application is therefore denied as moot.

**CONCLUSION**

On the basis of the foregoing, Bowman's Complaint for a Civil Case, filed April 5, 2023, is HEREBY DISMISSED WITH PREJUDICE, and Bowman's Application to Proceed in District Court Without Prepaying Fees or Costs, also filed April 5, 2023, is DENIED AS MOOT.

There being no remaining claims in this case, the Clerk's Office is DIRECTED to close this case on **July 3, 2023,** unless Bowman files a timely motion for reconsideration of this Order.

IT IS SO ORDERED.

5

DATED AT HONOLULU, HAWAII, June 16, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MONTELL ALEXANDER BOWMAN V. JOE BIDEN; CV 23-00159 LEK-KJM; ORDER: DISMISSING PLAINTIFF'S COMPLAINT FOR A CIVIL CASE WITH PREJUDICE; AND DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**